

SIGNED THIS 31st day of July, 2025

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 13** |
| **ERIC HOYT BROWN and** | ) | |
| **MILDRED SADIE BROWN** | ) | |
| | ) | **Case No. 24-70942** |
| Debtors. | ) | |
| **LEE COPELAND** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **A.P. No. 25-07006** |
| | ) | |
| **ERIC BROWN and** | ) | |
| **MILDRED BROWN** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This adversary proceeding was initiated by the Plaintiff, Lee Copeland ("the Plaintiff"), against the Debtors, Eric Hoyt Brown and Mildred Sadie Brown ("the Debtors"). The Plaintiff filed a complaint to determine dischargeability of debt ("Complaint") seeking a declaration that the debt owed to the Plaintiff by the Debtors is not dischargeable under 11 U.S.C. § 1328(a)(4) because the Debtors willfully and maliciously caused the Plaintiff personal injury. In response to

the Complaint, the Debtors filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), urging the Court to hold that allegations of physical harm are needed for a claim to be non-dischargeable under Section 1328(a)(4). The Plaintiff filed a response to the Motion to Dismiss ("Response"). The Court held a hearing on the Motion to Dismiss and Response on July 23, 2025 and took the matter under advisement. The parties fully briefed the issues and the matter is ripe for resolution. For the reasons stated below, the Motion to Dismiss will be denied.

## STATEMENT OF FACTS

Even though this matter is before the Court on a motion to dismiss, it appears the material facts in this case are not in dispute. The Plaintiff was employed by the Town of Branchville, Virginia as a zoning administrator. ECF No. 1, ¶ 4. The Plaintiff was instructed to inspect property the Debtors recently purchased. *Id*. at ¶ 5. The Plaintiff went to the property to perform inspections in his official capacity on a few different occasions. *Id*. at ¶¶ 5-7. When the Plaintiff went to the property, the Debtors accused the Plaintiff of being a child predator, making child pornography, stalking them, peeping, and trespassing, among other things. *Id*. at ¶¶ 7-9. The accusations made by the Debtors were shared publicly on the social media platform Facebook. *Id*. at ¶ 8. The Debtors also filed police reports containing these allegations and attempted to have the Plaintiff prosecuted. *Id*. at ¶ 9. The Southampton County, Virginia Sheriff's Department investigated the Plaintiff and found all the allegations to be unfounded. *Id*. The Debtors also filed criminal charges against the Plaintiff, all of which were either dismissed by the Court or *nolle prossed. Id*.

The Plaintiff brought suit against the Debtors for defamation, malicious prosecution, and unlawful dissemination of the Plaintiff's social security number, date of birth, and home address

on the internet in Southampton County, Virginia General District Court. *Id*. at ¶¶ 12-13. The case was tried on May 31, 2024, and the general district court heard evidence from both the Plaintiff and the Debtors. *Id*. at ¶ 14. At the conclusion of the trial, the court awarded judgment to the Plaintiff against the Debtors in the amount of $25,000.00, together with $1,500.00 in attorney's fees. *Id*. The Plaintiff attached a Warrant in Debt to the Complaint providing that judgment was entered against the Debtors in the above amounts, plus costs. *Id*. at Exhibit A.

The Debtors subsequently filed a Chapter 13 bankruptcy petition on December 12, 2024. This adversary proceeding was initiated on March 4, 2025. In the Complaint, the Plaintiff alleges that the debt owed to the Plaintiff arising out of the judgment obtained in state court should be excepted from discharge in the bankruptcy case because the Debtors willfully and maliciously caused personal injury to the Plaintiff. *Id*. at ¶ 16. Section 1328(a)(4) of the Bankruptcy Code provides, in pertinent part, that "the court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt . . . (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4). The Plaintiff contends he suffered serious personal injuries as a result of the Debtors' actions with permanent ramifications, pain and suffering, emotional distress, mental anguish, and reputational destruction amongst the community. *Id*. at ¶ 11.

In response, the Debtors filed the Motion to Dismiss. The Debtors argue that the Plaintiff merely states conclusory allegations that he suffered personal injury, but that these allegations do not establish that the Debtors caused actual personal injury as required by Section 1328(a)(4). In support of this argument, the Debtors argue that the Court should interpret Section 1328(a)(4) narrowly, as only applying to claims where physical harm is alleged, particularly in light of the

principle that "[w]hen considering the applicability of an exception to discharge, [courts] construe the exception narrowly 'to protect the purpose of providing debtors a fresh start.'" *Nunnery v. Rountree*, 478 F.3d 215, 219 (4th Cir. 2007) (quoting *Foley & Lardner v. Biondo*, 180 F.3d 126, 130 (4th Cir. 1999). Motion to Dismiss, at p. 3. Thus, the primary issue before the Court is what constitutes "personal injury" within the scope of 11 U.S.C. § 1328(a)(4).

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

I. <u>The Applicable Legal Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a defendant may move to dismiss a claim if the plaintiff fails to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, the Court accepts the complaint's well pleaded allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555-556, 127 S. Ct. 1955). "Threadbare recitals of the

4

elements of a cause action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). The allegations of the Complaint are more than threadbare. They have substance.

In the Complaint, the Plaintiff seeks a declaration that the judgment awarded to him against the Debtors is non-dischargeable under the Section 1328(a)(4) exception to discharge. To successfully bring a claim on non-dischargeability of a debt under Section 1328(a)(4), the Plaintiff must show three requirements are met: 1) restitution or damages were awarded in a civil action, 2) against the debtors as a result of willful or malicious injury by the debtors, 3) that caused personal injury or death to an individual. See e.g., *In re Adams*, 478 B.R. 476 (Bankr. N.D. Ga. 2012).

The Court finds that the allegations in the Complaint sufficiently demonstrate the Plaintiff was awarded damages in a civil action against the Debtors, satisfying the first requirement. The Court notes that the Debtors do not claim their actions were not willful or malicious, nor do they contest any of the facts as they are laid out in the Complaint.[1] They also do not argue that they had any valid reasons for making these accusations against the Plaintiff or that they did not intend to cause injury to the Plaintiff in making the accusations. The Court therefore finds that the allegations in the Complaint also are sufficient to demonstrate the Debtors' actions were willful or malicious, satisfying the second requirement.

The only remaining issue to be resolved is whether the Plaintiff has plausibly pled facts showing that the actions of the Debtors caused him personal injury.

---

[1] The Warrant in Debt imposing judgment from the state court, attached as an Exhibit to the Complaint, specifically provides the Debtors allegedly acted with malice. The Bill of Particulars referenced in the Complaint is not in the record.

5

II. <u>Section 1328(a)(4) Definition of Personal Injury</u>

The term "personal injury" is not defined in the Bankruptcy Code. Neither the Supreme Court of the United States nor the Fourth Circuit have decided on how the term "personal injury" in Section 1328(a)(4) should be interpreted. This is an issue of first impression for this Court and the Western District of Virginia.

There are three schools of thought on how "personal injury" is defined for purposes of the Bankruptcy Code, including Section 1328(a)(4). The first is the narrow approach, which limits discharge exceptions to apply only to personal injuries where there was physical or bodily harm. See, *e.g.*, *In re Johnson*, 657 B.R. 836 (Bankr. E.D. Va. 2024). The second is the intermediate or hybrid approach, which allows both physical and non-physical harm to be excepted from discharge, but excludes business or financial harms. See, *e.g.*, *In re Adams*, 478 B.R. 476 (Bankr. N.D. Ga. 2012); see also *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154 (Bankr. D. Conn. 2002). Finally, there is the broad approach, which allows business and financial injuries to be excepted from discharge if they are defined as personal injury torts under non-bankruptcy law. See, *e.g.*, *In re Gary Brew Enters. Ltd.*, 198 B.R. 616 (Bankr. S.D. Cal. 1996).

The Debtors argue the Court should follow *In re Johnson* and adopt a narrow reading of Section 1328(a)(4) that requires a showing of physical injury. In support of their position, the Debtors cite *Rountree* as construing discharge exceptions narrowly, so debtors are provided with a fresh start. The Debtors also reference *Massey Energy Co. v. W. Virginia Consumers for Justice*, where the United States District Court for the Eastern District of Virginia interpreted the term "personal injury tort" in 28 U.S.C. § 157(b)(5) to only include claims involving actual

6

physical injury. *Massey Energy Co. v. W. Virginia Consumers for Just.*, 351 B.R. 348 (E.D. Va. 2006).

The Plaintiff argues in favor of the intermediate approach, citing *In re Adams*. At the July 23, 2025 hearing, the Plaintiff argued that Section 1328(a)(4) does not say a physical injury is required, so the term "personal injury" should be defined as it is at common law and in the Commonwealth of Virginia. At common law and in Virginia, personal injuries typically include non-physical injuries caused by defamation, such as reputational damage and emotional harm. See *Massey Energy*, 351 B.R. at 351: "defamation is considered a tort in this jurisdiction." In further support of his position, the Plaintiff argues that the policy concerns cited in *Rountree* are meant to protect honest but unfortunate debtors, and the Debtors in the present case acted in a way that caused extreme and intentional harm. The Plaintiff also cites case law from this Court where the term "personal injury" under 28 U.S.C. § 157(b)(5) was construed broadly.[2]

III. Analysis and Application

This Court agrees with and adopts the intermediate approach. There is no language in the Bankruptcy Code or Section 1328(a)(4) suggesting that the term "personal injury" was intended to be limited to claims alleging physical harm. Property damage is a different issue. As stated in *In re Bailey*, 555 B.R. 557 (Bankr. N.D. Miss. 2016):

> It is well-settled that § 1328(a)(4) excludes debts "arising from injuries to property from the scope of the statute." *Seubert v. Deluty (In re Deluty),* 540 B.R. 41, 47 (Bankr. E.D. N.Y. 2015). By limiting the particular discharge exception to personal injuries and death, Congress created an important distinction between a personal injury and injuries to property. This distinction is reinforced by § 1328(a)(2), where § 523(a)(6) debts (for willful and malicious injury to the property of another) are left off the list of debts excepted from discharge in a chapter 13 case. By excluding § 523(a)(6), Congress has allowed certain debts arising from injuries to property to be discharged in chapter 13 cases.

---

[2] See *In re Ayers*, 581 B.R. 168 (Bankr. W.D. Va. 2018).

Case 25-07006 Doc 14 Filed 07/31/25 Entered 07/31/25 15:31:00 Desc Main
Document Page 8 of 9

*Bailey*, 555 B.R. at 561. The intermediate approach reads "personal injury" to include some non-physical injuries such as defamation, sexual harassment, age discrimination, and emotional distress, but not business or financial injuries. *Id.* at 561-62 and cases cited therein. Under the intermediate approach, the court looks to the underlying cause of action that led to the injury to determine whether the injury was in fact personal or was simply injury to property. *Adams,* 478 B.R. at 487. The state court litigation supports the contention that the Debtors caused a personal injury and not merely an injury to a property interest.

Further, the term "personal injury" should be given its plain meaning. The definition of "personal injury" in Black's Law Dictionary includes the following: "[a]ny invasion of a personal right, including mental suffering and false imprisonment. — Also termed *private injury.*" *Black's Law Dictionary,* 12th ed. (2024). Indeed, although exemption statutes are liberally construed in favor of the debtor, former Chief Judge Krumm of this Court ruled consistent with that plain meaning in holding that libel falls within the scope of a personal injury claim, even though such a claim does not require allegations of personal bodily injury to succeed. *In re Walters,* 339 B.R. 607, 609 (Bankr. W.D. Va. 2006). Therefore, the Court holds that Section 1328(a)(4) can include both physical and non-physical injuries suffered by an individual, but not property damage. Moreover, in drafting Section 522(d)(11)(D) of the Bankruptcy Code, Congress referred to "personal *bodily* injury" (emphasis added). See 11 U.S.C.§ 522(d)(11)(D). Thus, Congress knows how to use, and presumably would have used, the same or similar language to limit Section 1328(a)(4) to torts involving bodily injury if it was their intention to limit the scope of Section 1328(a)(4) to certain kinds of personal injury. *See e.g.*, *In re Nifong,* No. 08-80034C-7D, 2008 WL 2203149 (Bankr. M.D. N.C. May 27, 2008). *See also Badgerow v. Walters*, 596 U.S. 1, 142 S. Ct. 1310, 212 L. Ed. 2d 355 (2022): "'[W]hen

8

Congress includes particular language in one section of a statute but omits it in another section of the same Act,' this Court generally takes the choice to be deliberate." (quoting *Collins v. Yellen*, 594 U.S. 220, 141 S. Ct. 1761, 210 L. Ed. 2d 432 (2021)).

In applying this holding to the present facts, the Court finds that the Complaint, when taken as true, pleads facts that show the Plaintiff suffered reputational damage and emotional harm as a result of the Debtors' willful or malicious actions. Therefore, the Plaintiff has pled sufficient facts, more than plausible, that give rise to a claim that the debt owed to the Plaintiff by the Debtors should not be discharged pursuant to 11 U.S.C. § 1328(a)(4).

## CONCLUSION

For the reasons stated above, the Debtors' Motion to Dismiss is hereby DENIED. A separate order will follow.